No. 13,657.

DOLL ET AL. *v.* RODGERS.
(52 P. [2d] 1147)

Decided December 2, 1935.

Mr. HAROLD F. COLLINS, Mr. GRANT E. McGEE, for plaintiffs in error.

No appearance for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

So FAR as the record in this case discloses, the trial was to the court and judgment rendered in favor of defendant. Ordinarily this court will not interfere with such a judg-

ment if it is supported by sufficient evidence, but here the record is so deficient, and so incomplete as to the rulings of the court, and its findings, if any, on the errors here assigned, that we are inclined to the view that the case was determined upon questions of law rather than upon the merits. Upon a consideration of the record, we are convinced that it does not justify the judgment entered, and since the case must be reversed, a discussion of both the law and evidence seems expedient. Defendant has made no appearance in this court.

This action was brought in justice court by copartners, residents of the City of New York, doing business under the name of Anthony Doll and Company, to collect an indebtedness amounting to $156, alleged to be due for materials furnished defendant, who was doing business in Denver as the Broadway Moving and Storage Company, upon an order signed by defendant which was obtained by a traveling representative of plaintiffs. The evidence discloses a single transaction. Plaintiffs' representative called upon defendant and solicited from him an order for advertising service and material to be used in advertising a moving and storage business. At that time— May 3, 1933—defendant signed the order, which is Exhibit A attached to the depositions taken by plaintiffs and admitted in evidence. In substance this order called for a shipment, as soon as possible, of the material to be prepared by plaintiffs for which defendant was to pay $156, $39 to be remitted ten days after shipment and the balance in installments of $11.70 on the first of each month beginning July, 1933, and continuing until the whole amount had been paid. As one of the moving considerations for the order defendant was to have the exclusive use of such advertising material in the south Denver territory. The order was accepted by plaintiffs in New York May 5th, as appears from a copy of a letter addressed to defendant bearing that date. Thereafter defendant sent plaintiffs the following information on one of his letterheads:

"Broadway Moving & Storage Co. Storage Office: 216 South Broadway.
"Phone Pearl 1243.
"Send name plate from above information Featuring Storage, Moving, Van service, Local & Long distance moving, Transfer. O. K. S. L. Rodgers."

On May 8th, defendant wrote to plaintiff as follows:

"Gentlemen: You will please cancel my order for your Mr. Van as I have sold my entire outfit and expect to leave Denver in a few days. The party I sold to says he could not afford to put that amount of money in advertising. Hoping this will be satisfactory with you, I remain, Yours Resp. S. L. Rodgers."

Plaintiffs notified defendant that the order could not be cancelled since plaintiffs already had incurred all the expense incidental to a fulfillment of the contract. Then followed defendant's refusal to accept the materials which had been forwarded him by express, and correspondence followed concerning the account, in which defendant offered by letter, Exhibit J, to pay all expense occasioned plaintiffs in connection with the transaction and in a later letter he asked for a copy of the order and requested that plaintiffs' Denver representative call on him. Plaintiffs advised they had no Denver representative since the salesman who took defendant's order had left the territory and plaintiffs could not afford to send a special representative from New York in the matter. Correspondence between the parties seems to have ended June 27, 1933. Plaintiffs then elected to declare the entire account due because of nonpayment under the terms of the order, filed suit in the justice court January 18, 1934, and furnished security for costs. Defendant made special appearance and claimed that the justice court was without jurisdiction because plaintiffs are citizens of New York and the defendant a citizen of Colorado. The justice of the peace overruled the motion, and by agreement, February 1, 1934, continued the case to March 2, 1934, to allow time for plaintiffs to take depositions.

March 3, 1934, defendant objected to a further continuance, but the objection was overruled and the case continued to March 26, 1934, on which date it was again continued to April 26, 1934. April 9, depositions taken by plaintiffs in New York City were filed, and on defendant's request, the case was continued to May 8, 1934, for trial. Trial was had May 11 and judgment entered for plaintiffs.

In proper time defendant furnished an appeal bond and docketed the case in the county court where he filed a plea in abatement to the jurisdiction of that court, upon the same ground as urged in the justice court. July 20, 1934, defendant's plea in abatement was overruled by the county court and the case proceeded to trial upon the issues. Counsel for defendant announced he was ready for trial, but stated that he had other defenses beside the plea in abatement, namely, that the justice court had continued the case beyond the thirty-day period allowed for the taking of depositions, and that plaintiffs had not complied with section 2457, C. L. 1921, concerning the filing of a partnership affidavit, which is as follows:

"Any person or persons trading or doing any business in this state under the name of 'Manager,' 'Trustee,' 'Agent,' or in any other representative name, and any person or persons using as part of the business name the words, '& Co.' or '& Company,' or using merely one initial letter as part of the business name and any person or persons, partnership or association of persons, doing business, or carrying on any trade in this state under any other name than the personal name or names of his or its constituent members, shall file for record with the clerk and recorder of the county of the residence of and in which such business or trade is carried on, an affidavit setting forth the full Christian and surname and addresses of all the parties who are so represented; * * *." He presented the further contention that plaintiffs were doing business in the state of Colorado. The court overruled the defense based upon the ground of the alleged extrajudicial continuance by the justice court and

proceeded to hear the evidence offered by defendant to establish that plaintiffs were doing business in Colorado and were subject to the provisions of the statute above quoted. The record is silent as to the ruling of the court on this question, but it discloses that the court called the defendant to the witness stand and examined him concerning the contract in suit. In this examination, the defendant testified in effect that he signed the contract with the understanding that he would not be billed for the material until September 1st; that he refused to receive the material when expressed to him, and when he received a bill for the first payment that he wrote plaintiffs concerning his understanding with the salesman and "wouldn't consider anything until September 1st"; that he wrote them to send him an itemized statement of the expense they had been to and that he would pay that expense; that he let the matter stand to see if they would offer some reasonable settlement. Although defendant stated that he had the correspondence that passed between himself and plaintiffs, it does not appear that he produced any part of it or offered it in evidence in his behalf. In his testimony, he assigned a different reason for nonpayment and for refusal to receive the material, from that set out in his first letter of May 8, herein quoted.

 In view of the signed and accepted order, the terms of which could not be changed by parol evidence, also in view of the undisputed evidence that plaintiffs had at defendant's request made special preparation of material for defendant's use and that they had been occasioned expense on this account which defendant displayed a willingness to pay, it seems that plaintiffs were entitled to judgment instead of judgment going against them in favor of defendant. Considering this condition of the record, we are inclined to believe that the trial court disposed of the case on questions of law instead of on the merits, and if that is true, we are of the opinion that it was in error in so doing.

■ Since error has been assigned on the claimed ground that the court erred in holding that plaintiffs were engaged in doing business in the state of Colorado within the purview of section 2457, C. L. 1921, above quoted, and that they could not prosecute this action without first filing the affidavit thereby required, we must assume that the court so ruled. However, the plea in abatement could not have been availing in this case since the statute is not applicable to a nonresident partnership having its principal place of business outside the state and from which it transacted business by means of taking orders by salesmen or agents coming into this state for such purpose, the outside partnership having no place of business within the state. Such, is not "doing business in this state," within the purview of the statute; further, the transaction here involved was interstate commerce and as such cannot be embarrassed by regulations included in the statute here sought to be invoked.

The judgment is contrary to both the law and the evidence and therefore should be and it is reversed.